IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL L. BEAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-728-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael L. Bean, TDCJ-ID #1327286, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On March 9, 2005, Bean was charged by indictment with robbery by threats (count one) and

evading arrest (count two) in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0966292D. (Clerk's R. 2) The indictment also included a repeat offender notice, alleging a prior 1992 conviction for robbery by threats. (*Id.*) On September 15, 2005, Bean pled guilty to both counts and true to the repeat offender notice to the jury, and the punishment phase of his trial commenced. (*Id.* at 50) The factual background, as stated by the Second District Court of Appeals, is as follows:

> About 10:30 a.m. on February 5, 2005, Bean approached Arlyle Herreos as she was unloading groceries from the trunk of her car, which was parked in the driveway of her home. After asking for directions from Herreos, he told her he had a gun and to give him her purse. She began screaming for her seventeen year old son and running toward her house as Bean pulled her purse from her so that she was "flung around." She feared she would be shot. Bean then got in a brownish vehicle and drove away but not before Herreos had memorized the license plate number. She then called 911 and reported the robbery.
> Shorting thereafter, Bean's vehicle was spotted on 1-20 at McCart and a three-county pursuit followed, which included a police helicopter and ended in Kauffman County with Bean resisting arrest until he was "Tased." Bean's vehicle was only halted after spikes were deployed on the highway by DPS officers, and Bean attempted to continue moving even after the front tires were deflated and the vehicle was approached by seven officers. Bean refused to exit the vehicle, and it was necessary to break two windows to extract him from the car, and then he fought with the officers, necessitating the use of the Taser gun. Herreos's purse and items belonging to her were found on the passenger's floorboard.
> At trial, the State adduced evidence of the foregoing events, including video of the pursuit. Herreos identified Bean as the perpetrator to the jury. The State also offered pen packets concerning three cases of robbery by threat, theft from a person, and a written statement containing admissions of eleven robberies in the early 1990s.
> The defense called nine witnesses at trial, including Bean. It was Bean's position that he had been up all night using drugs and was high, and dazed during the event. He said he did not know why he grabbed the Herreos's purse and testified, "I saw it and I grabbed it. I don't know why. I just did it."
> Bean's counsel requested a jury instruction on voluntary intoxication at the time of the offense, which was denied by the trial court. The jury returned a punishment verdict of forty-five years' confinement for the robbery-by-threats count, enhanced, and two years for the evading arrest by vehicle count. . . .

*Bean v. Texas*, No. 2-05-353-CR, slip op. (Tex. App.–Fort Worth Oct. 19, 2006) (not designated for

publication).

The appellate court affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Bean's petition for discretionary review. *Id.*; *Bean v. Texas*, PDR No. 1865-06. Bean did not seek writ of certiorari. (Petition at 3) Bean also sought postconviction state habeas relief, to no avail. *Ex parte Bean*, Application No. 68,527-01, at cover. This federal petition followed.

### D. ISSUES

Bean raises three grounds for relief:

(1) The trial court abused its discretion in denying instructions on mitigating evidence;

(2) He received ineffective assistance of trial counsel; and

(3) The state courts abused their discretion during the state habeas proceeding by failing to conduct discovery, hold an evidentiary hearing, or enter express findings of fact and conclusions of law. (Petition at 7-9; Pet'r Memorandum at 1; Pet'r Supp. Memorandum at ii, 1)

### E. RULE 5 STATEMENT

Quarterman believes that Bean has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1) and that Bean has filed this petition in a timely manner. (Resp't Answer at 4)

### F. LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

3

federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts must give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Contrary to Bean's argumnet, this presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). Also, contrary to Bean's argument, typically when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

4

## G. DISCUSSION OF THE ISSUES

### 1. *Jury Instruction*

Bean claims the trial court abused its discretion by refusing defense counsel's request for a jury instruction pursuant to § 8.04 of the Texas Penal Code advising the jury that Texas law allows evidence of temporary insanity caused by intoxication to be introduced in mitigation of punishment. (Pet'r Memorandum at 5)

Relying on Texas law, the Second Court of Appeals addressed the issue as follows:

> In *Frias v. State*, the standard for giving such an instruction was recounted:
>
>> Sections 8.04(a) and 8.04(b) of the Texas Penal Code provide that voluntary intoxication is not a defense to crime but that evidence of such intoxication may be introduced by the actor in mitigation of the punishment. Section 8.04(c) of the Texas Penal Code provides that when temporary insanity is relied on as a defense and the evidence tends to show that the insanity was caused by intoxication, the court is to charge the jury in accordance with the provisions of section 8.04. Section 8.01(a) of the penal code provides that it is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong. Sections 8.01(a) and 8.04, considered together, require that *a defendant, in order to be entitled to a charge under section 8.04, must show that, as a result of intoxication, he did not know that his conduct was wrong.*
>
> Thus, the key to our inquiry is whether Bean showed that, at the time of the offense, he did not know his conduct was wrong. To determine if Bean made such a showing we must review the testimony and evidence presented to the trial court.
>
> Our review of the testimony reveals that Bean testified that on the day of the offense he "had been up all night using drugs," that he was "high" and in a "daze," and that he was not "thinking clearly." Furthermore, Bean testified that he didn't know why he had stolen Herreos's purse. We agree with the State that Bean's testimony of being in a "daze" and not "thinking clearly" is distinguishable from the testimony in *Frias* that warranted a jury instruction on voluntary intoxication. In *Frias*, the defendant testified that "cocaine made things seem unreal, that he did not know what he was doing, and that he did not realize what was happening. Bean's testimony did not establish that he did not know that his conduct was wrong.

> Moreover, the evidence of what transpired after the offense also indicates that Bean knew his conduct was wrong. Bean testified that after he stole Herreos's purse, he "ran to [his] car." Additionally the videotape of Bean's three-county car chase was published to the jury at trial. Bean continued driving even after his vehicle's front tires were deflated. Evidence of flight can lead to an inference about whether Bean had a guilty conscience about his crime. Thus, Bean's flight indicates that he knew his conduct was wrong.
>
> Based upon the testimony and evidence presented at trial, we hold that Bean failed to show that at the time of the offense he did not know his conduct was wrong. Therefore, he was not entitled to a jury instruction on voluntary intoxication.

(citations omitted)

Absent clear and convincing evidence in rebuttal, the state court's factual determinations, that Bean's intoxication did not rise to the level of temporary insanity in mitigation and that Bean knew his conduct was wrong, are not clearly erroneous and are entitled to the presumption of correctness. Accordingly, as a matter of state law, he was not entitled to a jury instruction pursuant to § 8.04 and there was no error on the part of the trial court. Furthermore, the jury was instructed that it could "take into consideration all the facts shown by the evidence" in fixing Bean's punishment. (Clerk's R. at 36) The only evidence of the intoxication was Bean's testimony. Thus, the jury was allowed to consider this evidence and to consider Bean's credibility in determining whether to give such evidence any mitigating effect. A § 8.04 instruction presented very little potential benefit to Bean beyond the language already included in the jury charge. Thus, Bean cannot show that the trial court's refusal to give a § 8.04 jury instruction rendered his trial fundamentally unfair. *See Smallwood v. Johnson*, 73 F.3d 1343, 1349-50 (5th Cir. 1996).

## 2. Ineffective Assistance of Counsel

Bean claims he was denied his right to effective assistance of trial counsel because counsel (1) failed to file for discovery or confer with him to establish a defense, (2) failed to conduct a

6

reasonable investigation into his mental state at the time of the offense and to provide expert testimony on the issue of temporary insanity due to intoxication, and (3) admitted extraneous offenses before the jury. (Pet'r Supp. Memorandum at 1-4)

A criminal defendant is entitled to effective assistance of counsel at all stages of his criminal trial, including the punishment phase. *See Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). To establish ineffective assistance of counsel in this context Bean must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance his sentences would have been significantly less harsh. *See Spriggs v. Collins,* 993 F.2d 85, 88 (5th Cir. 1993); *see also Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (applying the rule in *Spriggs* ). Both prongs of the test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Texas Court of Criminal Appeals denied Bean's habeas application without express findings of fact or written order. *Ex parte Bean*, Appl. No. WR-68,527-01, at cover. As previously noted, this constitutes an adjudication on the merits by the state court, which is entitled to the presumption of correctness. *See Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. In the absence of a written opinion or express findings of fact, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition.

*Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11. Thus, assuming the state court applied the proper two-pronged test to Bean's ineffective assistance claims and made factual findings consistent with their denial of the claims, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Bean's conclusory allegations do not entitle him to habeas relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). While it is true that an attorney must engage in a reasonable amount of pretrial investigation, the record is silent as to the nature and extent of counsel's investigation into the facts and circumstances relevant to Bean's sentencing. *See Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). The record does reflect, however, that counsel had sufficient knowledge of facts of the case and called nine witnesses on behalf of Bean, including his parole officer, a former job supervisor, his pastor, a records' custodian for the Tarrant County Sheriff's Office (to testify that Bean had no disciplinary records since being incarcerated on the charged offense), and four family members. (3Reporter's R. at 147-278) There was an abundance of evidence that Bean had a substance abuse problem at the time of the offense, but nothing to suggest, or cause counsel to believe, that Bean's mental state when he committed the offense rose to the level of insanity. Finally, counsel's strategy to be forthcoming about Bean's criminal history and his substance abuse problem was a sound trial strategy given the fact that Bean had already pled guilty to the offense and

---

[1] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

true to the repeat offender notice. Nevertheless, even if Bean could establish deficient performance on the part of counsel, it cannot be said that, but for counsel's acts or omissions, Bean's sentences would have been significantly less harsh. *See Ward v. Dretke*, 420 F.3d 479, 498-99 (5th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006); *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).

### 3. State Habeas Proceedings

Bean raises various claims relating to the state habeas proceedings, however, infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001) (quoting *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir. 1999)). An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself. *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) (quoting *Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir. 1987)). Nor has Bean shown that the absence of an evidentiary hearing in his state habeas proceeding prevented him form having a full and fair hearing on his claims.

### 4. Evidentiary Hearing

Bean requests an evidentiary hearing for purposes of further developing the record in support of his claims. *See* 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
>> (A) the claim relies on–
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

9

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Bean has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not require a hearing. Further development of the record is not necessary in order to assess the claims.

*5. Conclusion*

The state courts' adjudication of the claims presented does not appear contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## II. RECOMMENDATION

Bean's motion for leave to supplement his reply with brief in support (docket entry #30) is GRANTED. His motion for new trial (docket entry #32) and his motion for leave to motion for production of documents (docket entry #33) are DENIED. His petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 27, 2008. The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 27, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 6, 2008.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

11