IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| MICHAEL L. BEAN, | § |
| | § |
| Applicant, | § |
| | § |
| VS. | § NO. 4:07-CV-728-A |
| | § |
| NATHANIEL QUARTERMAN, | § |
| DIRECTOR, TEXAS DEPARTMENT | § |
| OF CRIMINAL JUSTICE, | § |
| CORRECTIONAL INSTITUTIONS | § |
| DIVISION, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein Michael L. Bean ("Bean") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On October 6, 2008, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Bean file objections, if any thereto, by October 27, 2008. Applicant timely filed his objections.

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" or "Bean" and "application" instead of "petitioner" and "petition."

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge recommended that Bean's application be denied. Virtually all of Bean's objections are directed to language quoted by Bean from the FC&R, which, in each instance, is followed with what apparently is intended to be supporting argument. Understanding Bean's objections is made difficult because his supporting arguments usually do not correlate with the objections.

As well as the court can determine, Bean's first series of objections are to the legal standards the magistrate judge used in determining whether to grant habeas corpus relief. The court is satisfied that the magistrate judge used the correct legal standards. Thus, to whatever extent objection is being made on that subject, it is without merit.

Bean's remaining objections seem to come within three categories, the first related to a contention that the state court trial judge should have given the jury an instruction at the punishment phase of his trial concerning intoxication and temporary insanity; the second related to a contention that he did not receive effective assistance of counsel; and the third related to a contention that the state habeas court erred in failing to give him a hearing. To the extent the court can interpret the objections, they are discussed below.

1. <u>The Jury Instruction Claim</u>.

The roles of a federal habeas court and a state appellate court are different. This court does not "sit as a super supreme court to review error under state law." <u>Skillern v. Estelle</u>, 720 F.2d 839, 852 (5th Cir. 1983). The court need not decide whether omitting the instruction at issue was "undesirable, erroneous, or even universally condemned." <u>Henderson v. Kibbe</u>, 431 U.S. 145, 154 (1977) (internal citations omitted). Rather, Bean must demonstrate that "the [lack of] instruction so infected the entire trial that the resulting conviction violates due process." <u>Westbrooks v. Collins</u>, No. 92-8137, 1993 WL 152138, at *2 (5th Cir. Apr. 21, 1993) (quoting <u>Henderson</u>, 431 U.S. at 154). Bean

has not demonstrated that omitting the instruction affected the trial such that his sentence violates due process.

2. <u>Ineffective Assistance of Counsel Claim</u>.

Bean apparently contends that his trial counsel, Earl Bates ("Bates"), was ineffective because he (a) failed to investigate or present mitigating factors at the punishment phase of Bean's trial, (b) failed to offer expert testimony on the connection between intoxication and temporary insanity, and (c) failed to make a proper pretrial motion concerning Bean's prior bad acts and made reference to the prior bad acts at the punishment phase.

To prevail on his ineffective assistance of counsel claim, Bean must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984). This standard applies regardless of whether the applicant pleaded guilty or not guilty. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Strickland</u>, 466 U.S. at 687. Judicial scrutiny of this type of claim must be highly deferential, and the applicant must overcome a strong presumption that his

4

counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Counsel's decisions regarding trial tactics and strategy cannot support a claim for ineffective assistance of counsel unless "it is so ill chosen that it permeates the entire trial with obvious unfairness." <u>Cotten v. Cockrell</u>, 343 F.3d 746, 752-53 (5th Cir. 2003) (citations omitted). To prove prejudice during the punishment phase of a trial, Bean must show there is a reasonable probability that he would have received a "significantly less harsh" sentence. <u>Ward v. Dretke</u>, 420 F.3d 479, 498 (5th Cir. 2005). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the [applicant] makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

    a.   <u>Failure to Investigate or Present Mitigating Factors</u>.

The record reflects that counsel filed a motion to appoint an investigator and called nine witnesses to testify on Bean's behalf. Clerk's R. at 22; FC&R at 8. In mitigation, Bates focused on the severity of Bean's drug problem. Also, Bates emphasized that Bean had never physically hurt any of his robbery victims. Rep. R. vol. 4, 20, 38, Sept. 14, 2005. Bean's hindsight disagreement about his lawyer's strategy does not

render his counsel's assistance ineffective. See Cotten, 343 F.3d at 752-53. The court finds that counsel's actions were not objectively unreasonable. See Strickland, 466 U.S. at 688.

b. Failure to Offer Expert Testimony.

Bean next contends that Bates should have investigated his mental state and offered expert testimony on the connection between temporary insanity and intoxication. The court assesses Bates's decision not to investigate Bean's mental condition "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." See Strickland, 466 U.S. at 691. Bean tenders nothing more than speculation that any expert testimony would have been favorable to him. This is insufficient to support a claim of ineffective assistance of counsel. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

c. Prior Bad Acts Claims.

Bean contends that Bates (1) failed to file motions and obtain rulings prior to the punishment phase that involved Bean's prior acts, and (2) mentioned Bean's prior bad acts in front of the jury.

As to counsel's alleged failure to file motions, the record reflects that counsel did file motions regarding Bean's prior bad

acts. Clerk's R. at 23-31. While Bates filed the motions the day before trial, Bean fails to show that he was prejudiced by the timing of these motions. See Strickland, 466 U.S. at 694; Rep. R. vol. 2, 11-14, Sept. 13, 2005. The state prosecutor filed a copy of its 404(b) evidence on September 2, 2005. Clerk's R. at 9. Before voir dire, the state also disclosed Bean's confession of eleven additional robberies in Tarrant County. Rep. R. vol. 2, 12-14. Because Bean makes no showing he was prejudiced, this objection is without merit.

Bean's contention that counsel was ineffective because he mentioned Bean's prior bad acts is similarly without merit. Bean had already pleaded guilty to the charge and pleaded true to the "repeat offender notice" in his indictment. Rep. R. vol. 2, 13-16; Clerk's R. at 2. Reviewing the trial transcript as a whole, the decision to be candid before the jury about Bean's criminal history was clearly one of trial strategy. See Cotten, 343 F.3d at 752-53. The court finds that such strategy was not objectively unreasonable. Further, Bean does not show that, had counsel not mentioned Bean's prior bad acts, his sentence would have been significantly less harsh. Ward, 420 F.3d at 498. The government mentioned Bean's prior convictions in its opening statement and mentioned the eleven prior robberies during Bean's

cross-examination. See Rep. R. vol. 3, 21, 317-338, Sept. 13, 2005. As respondent points out, any objections to evidence of the prior bad acts would have been frivolous. See Tex. Code Crim. Proc. Ann. art. 37.07 (Vernon 2008); Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

3. State Habeas Proceedings.

Bean's third claim cannot serve as the basis for granting the writ because inadequacies of state habeas proceedings are not grounds for federal habeas relief. Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001).

\* \* \* \* \* \*

The court agrees with the magistrate judge that a hearing on the application is not required because the case can be decided on the record, and the interest of justice does not require a hearing.

Therefore,

The court accepts the findings, conclusions, and recommendation of the magistrate judge and ORDERS that Bean's

application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED November 10, 2008.

_____
JOHN McBRYDE
United States District Judge